IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHICAGO & VICINITY LABORERS'** ) <br> **DISTRICT COUNCIL PENSION FUND,** ) <br> **CHICAGO & VICINITY LABORERS'** ) <br> **DISTRICT COUNCIL WELFARE FUND,** ) <br> **CHICAGO & VICINITY LABORERS'** ) <br> **DISTRICT COUNCIL RETIREE HEALTH** ) <br> **AND WELFARE FUND, and CATHERINE** ) <br> **WENSKUS, not individually but as** ) <br> **Administrator of the Funds,** ) <br> ) <br> ) Case No. 25-cv-6703 <br> **Plaintiff,** ) <br> **and** ) <br> ) <br> ) <br> ) <br> ) <br> **WILLIAMS TUNNELING INDUSTRIES,** ) <br> **INC., a Missouri corporation** ) <br> **Defendant.** ) | |

## COMPLAINT

NOW COMES Plaintiffs, Chicago & Vicinity Laborers' District Council Pension Fund and Chicago & Vicinity Laborers' District Council Welfare Fund, Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, Administrator of the Funds ("Funds"), by their attorneys, Patrick T. Wallace, Amy N. Carollo, G. Ryan Liska, and Sara S. Schumann for their Complaint against Williams Tunneling Industries Inc., ("Company"):

## FACTS COMMON TO ALL COUNTS

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Chicago Laborers' Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff Catherine Wenskus is the Administrator of the Laborers' Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Laborers' Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Laborers' Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Company is a Missouri corporation that did and does conduct business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union operates and maintains its office within the District. The Union and Company are parties to a collective bargaining agreements, the most recent two (2) carried the terms June 1, 2017 to May 31, 2021 and June 1, 2021 to May 31, 2025. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and Company which Agreement adopts and

incorporates Master Agreements between the Union and various employer associations, and also binds Company to the Laborers' Funds respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

7. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

8. The Funds' respective Agreements and Declarations of Trust obligate Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages and interest.

9. The Pension, Welfare and Retiree Health and Welfare Declaration of Trust Agreement documents provide Trustees with the powers to formulate, establish and maintain collection procedures for collection of contributions and those actions, procedures and polices shall be binding upon all Contributing Employers.

10. The Funds' Amended and Restated Collection and Audit Policies and Procedures provides that in the event the Funds files suit against a Contributing Employer, any liquidated damages incurred by the Contributing Employer after the lawsuit is filed will be assessed liquidated damages at twenty percent (20%) of the contributions owed. This Collection and Audit Policies was adopted by the respective Trustees for the Pension, Welfare and Retiree Health and Welfare Funds.

11. The CBA and Amended and Restated Collection and Audit Policies and Procedures provide that in the event the Trustees refer an account to legal counsel for collection of delinquent fringe benefit contributions or to compel an audit, the employer shall be liable for reasonable attorneys, audit costs, interest and filing costs incurred in the collection process.

12. The Funds' Collection and Audit Policies provides any delinquent contributions owed by a Contributing Employer shall bear interest in the amount of twelve percent (12%) per annum, compounded from the due date until the obligation is fully satisfied.

13. In addition to fringe benefit reports, the CBA obligates the Company to submit and pay Dues Reports. The Company is required to deduct from the wages of employees covered by said contract working dues in the amount of three and three-quarter percent (3.75%) of gross wages and shall remit monthly to the Union office the sums so deducted.

14. The CBA also requires the Company to pay contributions to the Industry Funds. These contributions are paid as part of the Dues Reports and consist of the Chicago Area

4

Independent Construction Association ("CAICA"), Chicago-Area Laborers-Employers Cooperation and Educational Trust ("LECET") and the Laborers' District Council Laborer Management Cooperation Committee ("LMCC").

15. Dues Reports and contributions are due by the 10th day following the month in which the work was performed. Dues Reports and contributions which are not submitted in a timely fashion are assessed liquidated damages at ten percent (10%) of the union dues report amount.

16. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect union dues form employers which should have been or have been deducted from the wages of covered employees.

17. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine fringe benefit and union dues contribution compliance.

## COUNT I

### (Failure To Pay Employee Benefit and Dues Contributions to Funds as Revealed by an Audit)

19. The Laborers' Funds re-allege and incorporate the allegations contained in paragraphs 1-18 of this Complaint.

20. In accordance with the Agreement, the Company submitted its books and records to the Funds for a fringe benefit and union dues compliance audit covering the period February 1, 2020 through June 30, 2024.

21. On May 20, 2025, the Funds mailed the Company a copy of the fringe benefit and union dues compliance audit findings and requested the Company submit any challenges by June

5

13, 2025. As of the date of filing this suit, the Company failed to provide any challenges to the audit or remit payment.

22. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company performed and/or subcontracted covered work during the audit period of February 1, 2020 through June 30, 2024 but failed to pay the Funds all required contributions. According to the Funds' compliance audit, the Company breached the parties' collective bargaining agreement by failing to remit the following fringe benefit and union dues contributions:

(a) failed to report and pay contributions in the amount of $5,738.80 owed to the Pension Fund, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report and pay contributions in the amount of $4,361.00 owed to the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay contributions in the amount of $1,977.12 owed to Laborers' District Council Retiree Health and Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity, thereby depriving the Retiree Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d) failed to report and pay contributions in the amount of $333.26 owed to Laborers' Training Fund, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e) failed to report and pay contributions in the amount of $25.70 owed to Mid-American Regional Bargaining Association IAF ("MARBA IAF"), thereby depriving MARBA IAF of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(f) failed to report and pay contributions in the amount of $3.70 owed to Mid-American Regional Bargaining Association CISCO ("MARBA CISCO"), thereby depriving MARBA CISCO of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

23. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements and Fund's Collection Policy, the Company is liable to the Funds for unpaid contributions totaling $12,439.66, interest totaling $2,785.33, liquidated damages totaling $2,487.93, audit costs of $4,627.00 plus reasonable attorneys' fees and court costs.

24. A true and accurate copy of the Funds' Audit for the period February 1, 2020 through June 30, 2024 and summary of amounts due is attached as Exhibit B.

25. The Company's failure to submit payment upon an audit violates Section 515 of ERISA, 29 U.S.C. §1145.

7

WHEREFORE, Plaintiff Funds respectfully request that this Court:

a. enter judgment in favor of the Funds and against Defendant Williams Tunneling Industries, Inc. in the amount of $22,339.92 plus reasonable attorneys' fees and costs;

b. awarding Funds' any further legal and equitable relief as the Court deems appropriate.

## COUNT II

**(Failure To Report and Pay Employee Benefit Contributions to Funds)**

26. The Funds re-allege and incorporate the allegations contained in paragraphs 1-17 of this Complaint.

27. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company failed to submit its month fringe benefit reports for the months March 2025 forward.

28. The Funds' Collection Policy provides fringe benefit reports shall be received and paid by the Company on or before the tenth day of the first month following the month in which covered work was performed and are deemed delinquent on the tenth day of the second month in which work was performed. This thirty (30) day grace period which to pay monthly fringe benefit reports is also provided for in the Agreement.

29. In the event no lawsuit is on file at the time the fringe benefit reports become delinquent, liquidated damages shall be assessed at 10% of the report amount. However, in the event there is a lawsuit on file against the Contributing Employer, any fringe benefit reports paid by the Contributing Employer after the thirty (30) day grace period will be assessed liquidated damages at twenty percent (20%) of the report amount.

30. The Company's actions in failing to submit timely reports and contributions violate section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

WHEREFORE, Plaintiffs Laborers' Funds respectfully request that this Court:

a. Order Defendant Williams Tunneling Industries, Inc. to submit its fringe benefit reports for the months March 2025 forward;

b. entering judgment against Defendant Williams Tunneling Industries, Inc. in the amount revealed as due by the March 2025 forward reports, plus liquidated damages, statutory interest, attorneys' fees and costs;

c. awarding Plaintiff Laborer's Funds any further legal and equitable relief as the Court deems appropriate.

## COUNT III

**(Failure To Timely Pay Union Dues to Laborers' Funds)**

31. The Funds re-allege and incorporate the allegations contained in paragraphs 1-17 of this Complaint.

32. Notwithstanding the obligations imposed by the Agreement, the Company failed to submit and pay its monthly union dues contributions for July 2024 forward.

33. Pursuant to the Agreement, the Company is liable to the Laborers' Funds for the unpaid union dues, as well as liquidated damages, accumulative liquidated damages, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court seems appropriate.

WHEREFORE, Plaintiffs Laborers' Funds respectfully request that this Court:

    a.    order Defendant Williams Tunneling Industries, Inc. to submit union dues contribution reports and/or contributions to Laborers' Funds for the period of July 2024 forward;

    b.    enter judgment in sum certain in favor of the Plaintiff Laborers' Funds against Defendant Williams Tunneling Industries, Inc.. in the amount of dues contributions shown to be due on the July 2024 forward reports plus 10% liquidated damages, interest. attorneys' fees and costs;

    c.    awarding Plaintiffs Funds any further legal and equitable relief as the Court deems appropriate.

## COUNT IV

**(Breach of Labor Agreement- Failure to Post Bond)**

34.    The Funds re-allege and incorporate the allegations contained in paragraphs 1-17 of this Complaint.

35.    Article VI of the Agreement provides all signatory employers shall maintain a surety bond in a form and amount satisfactory to the Union, but not less than $5,000.00 to guarantee the payment of wages, pension and welfare contributions.

36.    The Funds, as a beneficiary of the Agreement, have been authorized by the Union to enforce the bond provision of the Agreement.

37.    The form of the bond required by the Union is either a traditional surety bond back by an insurer or a cash bond.

38.    In accordance with the Agreement and/or the Funds collection procedures and based upon the Company's workforce, the Company is required to post either a paper or cash bond in the amount of $5,000.00.

39. Under the terms of Agreement, if the Company fails to post the bond it is liable for all attorney fees and costs incurred in seeking to enforce the Agreement's bond provision.

40. Notwithstanding its obligation to do so the Company failed to post the required $5,000.00 bond.

41. Failure to post the $5,000.00 bond constitutes a breach of the Agreement, and places the Funds, Union and its members at risk that the obligation owed by the Company will be met in a timely fashion because the security required by the Agreement is not available.

WHEREFORE, Laborers' Funds respectfully request that this Court:

a. enter judgment against Defendant Williams Tunneling Industries, Inc. in the amount of $5,000.00 which shall be used by the Funds as a cash bond or in the alternative, order Williams Tunneling Industries, Inc. to immediately post a $5,000.00 surety bond;

b. ordering Defendant Williams Tunneling Industries, Inc. to reimburse the Funds for all attorney's fees and costs incurred in pursuing this action; and

c. granting any other relief deemed just and equitable.

June 18, 2025

Respectfully submitted,

By: /s/ G. Ryan Liska

G. Ryan Liska
Laborers' Pension and Welfare Funds
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540



**CONSTRUCTION & GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY**
AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **WILLIAMS TUNNELING INDUSTRIES INC.** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** In response to the Union's request for recognition as the majority or Section 9(a) representative of the unit employees, the Employer recognizes the Union as the sole and exclusive collective bargaining representative under Section 9(a) of the NLRA, as amended, for the employees now and hereinafter employed under the terms of this Agreement with respect to wages, hours and other terms and conditions of employment. This recognition is based on the Union's having shown, or having offered to show, evidence of its majority support. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association without written approval from the Union. Notwithstanding the number of persons employed under this Agreement, the Employer shall abide by this Agreement, and all extensions hereof, and it waives any right it may have to terminate this agreement based upon the number of persons employed.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Rail Contractors Association, the Chicago Area Scaffolding Association, the Chicago Demolition Contractors' Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Midwest Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Illinois Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, and all other employer associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s).

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $1.90 per hour effective June 1, 2013; $2.00 per hour effective June 1, 2014; $2.05 per hour effective June 1, 2015; and $2.10 per hour effective June 1, 2016, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2013, the minimum wage rate shall be $37.00 per hour

4. **Checkoff Deductions and Remittances.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in such amounts as the Union shall from time to time establish, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made. If the Employer fails to timely remit any amounts to the Union or its affiliated fringe benefit funds that are required under this Agreement, it shall be obligated to pay all costs of collection, including attorney fees.

The Employer shall further deduct an amount designated by the Union for each hour that an employee receives wages under the terms of this Agreement on the basis of individually signed voluntary authorized deduction forms and shall pay over the amount so deducted to the Laborers' Political League ("LPL") or to a designated appointee, not later than the 10th day of the month next following the month for which such deductions were made. LPL remittances shall include a report of the hours worked by each Laborer for whom deductions are made. Remittances shall be made by a separate check payable to the Laborers' Political League. The Employer shall be paid a processing fee each month from the total amount to be transmitted to the LPL to be calculated at the Illinois Department of Revenue or other applicable standard.

5. **Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.

6. **Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. The Employer shall further assume the obligations of all tiers of its subcontractors for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

7. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust, the LDC/LMCC, and to all other designated Union-affiliated benefit and labor-management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments thereto. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

8. **Contract Enforcement.** All grievances filed by either party arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that deadlocked grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2013 (unless dated differently below) through May 31, 2017, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such timely and proper notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than sixty (60) nor more than ninety (90) days prior to the expiration of each successive Collective Bargaining Agreement.

11. **Execution.** The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept facsimile signatures on this Agreement as if they were the original signatures.

Dated: 8/30/2016, 20 16

ACCEPTED:
Laborers' Local Union No. LDC
By: [signature]
CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY
By: [signature] James P. Connolly, Business Manager
By: [signature] Charles LoVerde, Secretary-Treasurer
For Office Use Only: IM-UCA

Williams Tunneling Industries Inc
(Employer)
FEIN No.: 27-2767379
By: Edison Williams, President
(Print Name and Title)
Edison Williams
(Signature)
800 North Tucker BLVD
(Address)
SAINT Louis MO 63101
(City, State and Zip Code)
832-889-1468
(Telephone/Telefax)
Williams.edison@Ahoo.com
(Email Address)

**EXHIBIT A**

Effective June 1, 2013    WHITE - LOCAL UNION  •  CANARY - TRUST FUND  •  PINK - DISTRICT COUNCIL  •  GOLD - EMPLOYER

5/12/25

# LABORERS' PENSION & WELFARE FUNDS

## SUMMARY OF AMOUNTS OWED

**Audit Period** February 1, 2020 through June 30, 2024

**EMPLOYER** Williams Tunneling Industries, Inc.

**CODE** 35608

| PERIOD | FRINGE HOURS | DUES HOURS | WELFARE | RATE | RETIREE WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | LECET | RATE | MARBA LAF | RATE | MARBA CISCO | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-1-10 to 5-31-11 | | | | 10.63 | | | | 8.57 | | 0.45 | | | 0.12 | | 0.07 | | 0.07 | | 0.01 | |
| 6-1-11 to 5-31-12 | | | | 12.18 | | | | 8.82 | | 0.45 | | | 0.12 | | 0.07 | | 0.07 | | 0.01 | |
| 6-1-12 to 5-31-13 | | | | 12.78 | | | | 9.02 | | 0.50 | | | 0.12 | | 0.07 | | 0.07 | | 0.01 | |
| 6-1-13 to 5-31-14 | | | | 13.38 | | | | 9.52 | | 0.50 | | | 0.12 | | 0.07 | | 0.07 | | 0.01 | |
| 6-1-14 to 5-31-15 | | | | 9.98 | | 3.80 | | 10.12 | | 0.50 | | | 0.12 | | 0.07 | | 0.07 | | 0.01 | |
| 6-1-15 to 5-31-16 | | | | 9.98 | | 4.00 | | 10.72 | | 0.50 | | | 0.17 | | 0.07 | | 0.07 | | 0.01 | |
| 6-1-16 to 5-31-17 | | | | 9.98 | | 4.25 | | 11.57 | | 0.50 | | | 0.17 | | 0.07 | | 0.07 | | 0.01 | |
| 6-1-17 to 5-31-18 | | | | 10.15 | | 4.50 | | 12.32 | | 0.50 | | | 0.17 | | 0.07 | | 0.07 | | 0.01 | |
| 6-1-18 to 5-31-19 | | | | 10.15 | | 4.75 | | 12.57 | | 0.72 | | | 0.17 | | 0.07 | | 0.07 | | 0.01 | |
| 6-1-19 to 5-31-20 | | | | 10.15 | | 4.84 | | 13.61 | | 0.90 | | | 0.17 | | 0.07 | | 0.07 | | 0.01 | |
| 6-1-20 to 5-31-21 | 2.00 | | 21.70 | 10.85 | 10.50 | 5.25 | 28.42 | 14.21 | 1.80 | 0.90 | | | 0.17 | | 0.07 | 0.14 | 0.07 | 0.02 | 0.01 | 62.58 |
| 6-1-21 to 5-31-22 | | | | 11.30 | | 5.25 | | 14.71 | | 0.90 | | | 0.17 | | 0.07 | | 0.07 | | 0.01 | |
| 6-1-22 to 5-31-23 | 161.00 | | 1,899.80 | 11.80 | 845.26 | 5.25 | 2,448.82 | 15.21 | 144.90 | 0.90 | | | 0.17 | | 0.07 | 11.28 | 0.07 | 1.62 | 0.01 | 5,351.68 |
| 6-1-23 to 5-31-24 | 205.00 | | 2,439.50 | 11.90 | 1,121.36 | 5.47 | 3,261.56 | 15.91 | 186.56 | 0.91 | | | 0.19 | | 0.07 | 14.36 | 0.07 | 2.06 | 0.01 | 7,025.40 |
| **SUBTOTAL** | 368.00 | | 4,361.00 | | 1,977.12 | | 5,738.80 | | 333.26 | | | | | | | 25.78 | | 3.70 | | 12,439.66 |
| 10% LIQUIDATED DAMAGES | | | | | | | | | | | | | | | | | | | | |
| 20% LIQUIDATED DAMAGES | | | 872.20 | | 395.42 | | 1,147.76 | | 66.65 | | | | | | | 5.16 | | 0.74 | | 2,487.93 |
| AUDIT COSTS | | | 1,573.18 | | 1,526.91 | | 1,526.91 | | | | | | | | | | | | | 4,627.00 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | | | | |
| ACCUM. LIQUIDATED DAMAGES | | | | | | | | | | | | | | | | | | | | |
| ACCUM. INTEREST | | | 978.55 | | 442.41 | | 1,282.94 | | 74.81 | | | | | | | 5.79 | | 0.83 | | 2,785.33 |
| **TOTAL DUE** | | | 7,784.93 | | 4,341.86 | | 9,696.41 | | 474.72 | | | | | | | 36.73 | | 5.27 | | 22,339.92 |
| AUDIT PENALTY REDUCTION FROM 20% TO 10% IF THE AUDIT IS PAID WITHIN 30 DAYS FROM THE DATE OF THE AUDIT COVER LETTER DATED: | | | (436.10) | | (197.71) | | (573.88) | | (33.33) | | | | | | | (2.58) | | (0.37) | | (1,243.97) |
| **TOTAL DUE, IF PAID WITHIN 30 DAYS** | | | 7,348.83 | | 4,144.15 | | 9,122.53 | | 441.39 | | | | | | | 34.16 | | 4.90 | | 21,095.95 |



EXHIBIT B

Williams Tunneling Industries, Inc.
100 S. 4th St., Suite 550
Saint Louis, MO 63102-189

Employer Number:35608

February 1, 2020 through June 30, 2024

1

## Laborers' District Council
## Reconciliation of Differences Per Year

| Fiscal Year Ending | 5-31-2019 | 5-31-2020 | 5-31-2021 | 5-31-2022 | 5-31-2023 | 5-31-2024 | Total Due |
|---|---|---|---|---|---|---|---|
| Fringe Hours Not Reported | | | 2.00 | | 161.00 | 205.00 | 368.00 |
| Dues Hours Not Reported | | | | | | | |
| Dues Wages Not Reported | | | | | | | |
| Dollar Amount Due | | | | | | | |
| Welfare (Active) | | | 21.70 | | 1,899.80 | 2,439.50 | 4,361.00 |
| Welfare (Retiree) | | | 10.50 | | 845.26 | 1,121.36 | 1,977.12 |
| Pension | | | 28.42 | | 2,448.82 | 3,261.56 | 5,738.80 |
| Training | | | 1.80 | | 144.90 | 186.56 | 333.26 |
| IAF - MARBA | | | 0.14 | | 11.28 | 14.36 | 25.78 |
| CISCO - MARBA | | | 0.02 | | 1.62 | 2.06 | 3.70 |
| LECET | | | | | | | |
| LDCLMCC | | | | | | | |
| Working Dues | | | | | | | |
| Total | $ - | $ - | $ 62.58 | $ - | $ 5,351.68 | $ 7,025.40 | $ 12,439.66 |

| | | |
|---|---|---|
| Plus previous late charges and penalties assessed by Laborers' Pension and Welfare Funds | | $ - |
| Plus previous underpayments incurred to Laborers' District Council Funds | | $ - |
| Plus previous penalties incurred to Laborers' District Council Funds | | $ - |
| Audit Fee | | $ 4,627.00 |
| | Total Amount Due | $ 17,066.66 |

| | | | |
|---|---|---|---|
| Employer Name: | Williams Tunneling Industries, Inc. | Person Contacted: | Edison Williams |
| Employer #: | 35608 | Date of Contact: | March 28, 2024 |
| Date of Audit: | October 23, 2024 | Telephone: | (832) 889-1468 |
| Audit Period: | February 1, 2020 through June 30, 2024 | Auditor: | Phoebe Newton |

5

# Laborers' District Council
Schedule of Deficiencies

| | | |
|---|---|---|
| Employer Name: | Williams Tunneling Industries, Inc. | |
| Employer Number: | 35608 | |
| Agreement Type: | IMARBA | |

| | | |
|---|---|---|
| Audit Period: | February 1, 2020 through June 30, 2024 | |
| Date of Audit: | October 23, 2024 | |
| Field Auditor: | Phoebe Newton | |

| SSN | Name | | Jun | Jul | Aug | Sep 2020 | Oct | Nov | Dec | Jan | Feb | Mar 2021 | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ██████ | ██████, WILLIAM M | Fringe Hours | | | | | | | | | | | | 2.00 | 2.00 |
| | | Dues Hours | | | | | | | | | | | | - | - |
| | | Dues Wages | | | | | | | | | | | | - | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Total Fringe Hours | - | - | - | - | - | - | - | - | - | - | - | 2.00 | 2.00 |
| | | Total Dues Hours | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | Total Wages | - | - | - | - | - | - | - | - | - | - | - | - | - |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare (Active) | $10.85 | | | | | | | | | | | | 21.70 | 21.70 |
| Welfare (Retiree) | $5.25 | | | | | | | | | | | | 10.50 | 10.50 |
| Pension | $14.21 | | | | | | | | | | | | 28.42 | 28.42 |
| Training | $0.90 | | | | | | | | | | | | 1.80 | 1.80 |
| IAF - MARBA | $0.07 | | | | | | | | | | | | 0.14 | 0.14 |
| CISCO - MARBA | $0.01 | | | | | | | | | | | | 0.02 | 0.02 |
| LECET | $0.07 | | | | | | | | | | | | - | - |
| LDCLMCC | $0.17 | | | | | | | | | | | | - | - |
| Working Dues | 3.75% | | | | | | | | | | | | - | - |
| SHEET TOTAL | | - | | | | | | | | | | | 62.58 | 62.58 |

6

# Laborers' District Council
Schedule of Deficiencies

Employer Name: Williams Tunneling Industries, Inc.
Employer Number: 35608
Agreement Type: IMARBA

Audit Period: February 1, 2020 through June 30, 2024
Date of Audit: October 23, 2024
Field Auditor: Phoebe Newton

| SSN | Name | | Jun | Jul | Aug | 2022 Sep | Oct | Nov | Dec | Jan | Feb | 2023 Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | KIETH | Fringe Hours | | | 48.50 | | | | | | | | | 52.50 | 101.00 |
| | | Dues Hours | | | - | | | | | | | | | - | - |
| | | Dues Wages | | | - | | | | | | | | | - | - |
| | WILLIAM M | Fringe Hours | | | | | | | | | | | | 60.00 | 60.00 |
| | | Dues Hours | | | | | | | | | | | | - | - |
| | | Dues Wages | | | | | | | | | | | | - | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |

| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Fringe Hours | | - | - | 48.50 | - | - | - | - | - | - | - | - | 112.50 | 161.00 |
| Total Dues Hours | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Wages | | - | - | - | - | - | - | - | - | - | - | - | - | - |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare (Active) | $11.80 | | - | - | 572.30 | - | - | - | - | - | - | - | - | 1,327.50 | 1,899.80 |
| Welfare (Retiree) | $5.25 | | - | - | 254.63 | - | - | - | - | - | - | - | - | 590.63 | 845.26 |
| Pension | $15.21 | | - | - | 737.69 | - | - | - | - | - | - | - | - | 1,711.13 | 2,448.82 |
| Training | $0.90 | | - | - | 43.65 | - | - | - | - | - | - | - | - | 101.25 | 144.90 |
| IAF - MARBA | $0.07 | | - | - | 3.40 | - | - | - | - | - | - | - | - | 7.88 | 11.28 |
| CISCO - MARBA | $0.01 | | - | - | 0.49 | - | - | - | - | - | - | - | - | 1.13 | 1.62 |
| LECET | $0.07 | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| LDCLMCC | $0.17 | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Working Dues | 3.75% | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| SHEET TOTAL | | | - | - | 1,612.16 | - | - | - | - | - | - | - | - | 3,739.52 | 5,351.68 |

7

## Laborers' District Council
### Schedule of Deficiencies

| Employer Name: | Williams Tunneling Industries, Inc. | | Audit Period: | February 1, 2020 through June 30, 2024 |
|---|---|---|---|---|
| Employer Number: | 35608 | | Date of Audit: | October 23, 2024 |
| Agreement Type: | IMARBA | | Field Auditor: | Phoebe Newton |

| SSN | Name | | Jun | Jul | Aug | 2023 Sep | Oct | Nov | Dec | Jan | Feb | 2024 Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | KIETH | Fringe Hours | | 22.50 | 70.00 | | | | | | | | | | 92.50 |
| | | Dues Hours | | - | - | | | | | | | | | | - |
| | | Dues Wages | | - | - | | | | | | | | | | - |
| | WILLIAM M | Fringe Hours | | | 52.50 | | | | | | | | 60.00 | | 112.50 |
| | | Dues Hours | | | - | | | | | | | | - | | - |
| | | Dues Wages | | | - | | | | | | | | - | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |

| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Fringe Hours | | - | 22.50 | 122.50 | - | - | - | - | - | - | - | 60.00 | - | 205.00 |
| Total Dues Hours | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Wages | | - | - | - | - | - | - | - | - | - | - | - | - | - |

| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare (Active) | $11.90 | - | 267.75 | 1,457.75 | - | - | - | - | - | - | - | 714.00 | - | 2,439.50 |
| Welfare (Retiree) | $5.47 | - | 123.08 | 670.08 | - | - | - | - | - | - | - | 328.20 | - | 1,121.36 |
| Pension | $15.91 | - | 357.98 | 1,948.98 | - | - | - | - | - | - | - | 954.60 | - | 3,261.56 |
| Training | $0.91 | - | 20.48 | 111.48 | - | - | - | - | - | - | - | 54.60 | - | 186.56 |
| IAF - MARBA | $0.07 | - | 1.58 | 8.58 | - | - | - | - | - | - | - | 4.20 | - | 14.36 |
| CISCO - MARBA | $0.01 | - | 0.23 | 1.23 | - | - | - | - | - | - | - | 0.60 | - | 2.06 |
| LECET | $0.07 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| LDCLMCC | $0.19 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Working Dues | 3.75% | - | - | - | - | - | - | - | - | - | - | - | - | - |
| SHEET TOTAL | | - | 771.10 | 4,198.10 | - | - | - | - | - | - | - | 2,056.20 | - | 7,025.40 |

8

Legacy Professionals LLP
Payroll Audit Information Sheet

I, Edison Williams, declare and state as follows:

I am an Officer and/or Shareholder of Williams Tunneling Industries, INC.

(hereinafter, the "Company") and I am duly authorized to make the representations and enter into the agreements set forth herein on behalf of the Company.

Company Name: Williams Tunneling Industries In z.

Entity Type: C-Corp

Business Activity: Construction - Tunneling

Ownership-Principals  Title  %
Owner / President   100%
Edison Williams

Banking Facilities Used and Account Number: US Bank

Acct #    ████████ / ████████

Do any of the Company's Owners shareholders or officers have a shareholder or officer position in another company or entity? Yes___ No_X_

If Yes, List Names of Other companies or entities: N/A

Has the Company employed any subcontractors owned or operated by any Officer, Shareholder, or family members of the Company's Officers and/or Shareholders? Yes___ No_X_

If Yes, List Names of the subcontractors and the related Owners/Operators: N/A

Has the Company subcontracted work covered by the Laborers' Collective Bargaining Agreements to any subcontractors that are not signatory with the Chicago Laborers' Union?

Yes_____ No ___✗___

If Yes, List Names of the subcontractors:

_____

_____

_____

_____

The Company has maintained and provided for review accurate hourly payroll records related to all individuals who have performed or subcontracted work for the Company during the audit period and has provided all records pertaining to any accounts used to pay wages and all operating expenses during the audit period.

I, the undersigned, certify under penalty of perjury that the foregoing is true and correct.

_____*Elisa William*_____, as Officer and/or Shareholder of

_____

Dated: 04-09-2025